IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ONIEL W. CLARKE,

    Plaintiff,

v.

CIVIL ACTION NO.: CV212-093

JEFFREY PEARCE, and
GEORGIA DEPARTMENT
OF CORRECTIONS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently housed at Appling Pre-Release Center in Baxley, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner[1] proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

---

[1] The term "prisoner" refers to any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915(h).

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that during his incarceration at Appling Pre-Release Center, he has been subjected to inhumane conditions. First, Plaintiff alleges that the food at the facility is inedible, sometimes uncooked, and served below satisfactory temperatures. Second, Plaintiff avers that the temperature of the facility is unbearably cold. Third, Plaintiff asserts that he has been denied yard time for multiple days at a time, resulting in inadequate exercise. Fourth, Plaintiff alleges that the facility has inadequate medical care, as there is no medical staff at night, only during the day. Last, Plaintiff avers that the counselors on duty at the facility do not adequately address inmate concerns.

Plaintiff first names SPT. Jeffrey Pearce as Defendant in his Complaint. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff's complaint fails to make a sufficient connection between his allegations and Defendant Pearce. Even construing Plaintiff's

complaint liberally, Plaintiff's allegations against Defendant Pearce should be dismissed for failure to state a claim upon which relief may be granted. See FED. R. CIV. P. 8(a)(2).

Plaintiff also names the Georgia Department of Corrections as Defendant in his Complaint. The Georgia Department of Corrections is not a suable entity under 42 U.S.C. § 1983. The Eleventh Amendment provides a state and its agencies with immunity from civil suit. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Stevens v. Gay, 864 F.2d 113, 114-15 (11th Cir. 1989). Therefore, Plaintiff's claims against the Georgia Department of Corrections should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim for which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 26th day of June, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE